**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| GORDON KNIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-1304-JDK-KNM |
| | § | |
| PAYMENTECH, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gordon Knight, proceeding pro se, filed this action against Defendant Paymentech, LLC, seeking damages arising from the termination of a service agreement between Defendant and PS Knight Americas Inc. ("PSK"). Docket No. 1. PSK is a Texas corporation in which Plaintiff is the sole shareholder. *Id.* The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On July 16, 2026, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss the case with prejudice as to Plaintiff's individual claims and dismiss without prejudice any claims belonging to PSK. Docket No. 14. Plaintiff objected. Docket No. 17.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

Plaintiff's primary objection suggests that, because he is the sole shareholder of PSK, all injuries sustained by the corporation are also sustained by him individually. *See* Docket No. 17 at 1–3. A shareholder, however, "cannot recover damages personally for a wrong done solely to the corporation, even through he may be injured by that wrong." *In re UMTH Gen. Servs., L.P.*, 725 S.W.3d 424, 430 (Tex. 2025) (quoting *Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020)). Suits for injuries to a corporation "must be brought by the corporation itself or derivatively on its behalf." *Id.*

Plaintiff insists that, because he "own[s] his company outright," this case is distinguishable from the cases cited by Judge Mitchell, which involve multiple shareholders. *See* Docket No. 17 at 2–3. The principle of recovery for injuries to corporations, however, considers the fact that "each shareholder suffers relatively in proportion to the number of shares he owns, and each will be made whole if the corporation obtains restitution or compensation from the wrongdoer." *In re UMTH Gen. Servs., L.P.*, 725 S.W.3d at 430. To recover individually, the shareholder "must prove a personal cause of action and personal injury." *Id.* As articulated by Judge Mitchell, Plaintiff fails to identify a personal injury in this case separate from the corporate entity. The first objection is overruled.

Plaintiff also objects to the Report's emphasis on the breach of contract claim, stating that "the core of this litigation is fraud committed by the Defendant." Docket

No. 17 at 3. Plaintiff identifies several causes of action in his complaint, including breach of contract, negligence, defamation, commercial disparagement, tortious interference, and the Lanham Act (15 U.S.C. § 1125(a)). Docket No. 1 ¶ 8. None of these theories of recovery includes fraud. The Court "may not infer what [Plaintiff] did not plead." *Phazr, Inc. v. Ramakrishna*, 2020 WL 5526554, at *4 (N.D. Tex. Sept. 14, 2020). Plaintiff also brings several claims under various federal criminal statutes, including the Bank Fraud Statute (18 U.S.C. § 1344), the Bank Secrecy Act (31 U.S.C. §§ 5321–5322), the Wire Fraud Act (18 U.S.C. § 1343), and the Dodd Frank Act (12 U.S.C. § 5531)—none of which provides a private cause of action. This objection thus is also without merit.

Finally, Plaintiff objects to the Report stating that he cannot afford counsel to represent PSK. *See* Docket No. 17 at 6–7. Specifically, he says that the "consequences of dismissal" "is to introduce a guarantee of immunity for the perpetrator if only they steal enough money from the victim to ensure the victim cannot afford a lawyer." *Id.* at 7. Plaintiff's final objection is overruled because it fails to identify a specific finding by the Magistrate Judge. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 17) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 14) as the opinion of the District Court.

Plaintiff's complaint is **DISMISSED with prejudice** as to Plaintiff's individual claims and **DISMISSED without prejudice** as to any claims belonging to PSK, which may be brought through licensed counsel.

**So ordered and signed on this**
**Aug 10, 2026**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE